UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H.,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>        Defendant. | Case No. 21-cv-01766-NC<br><br>**ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**<br><br>Re: Dkt. Nos. 14, 15 |

Plaintiff M.H. appeals the Social Security Administration's denial of her application for disability insurance benefits. M.H. contends that: (1) the ALJ failed to provide specific, clear, and convincing reasons for discounting M.H.'s testimony regarding her fibromyalgia symptoms; (2) the ALJ erred in his evaluation of the medical opinion testimony; and (3) the denial of M.H.'s application was constitutionally defective because the statute governing the removal of the Commissioner of Social Security is unconstitutional. After reviewing the briefing and administrative record, the Court orders this case remanded for further proceedings.

**I.    BACKGROUND**

On October 18, 2018, M.H. filed an application for Title II benefits, alleging a disability beginning on June 1, 2018. AR 68. M.H.'s claim was denied both initially and upon reconsideration. AR 98-102, 106-11. After a hearing in front of an ALJ, her claim was denied again. AR 18-38, 45-66. M.H. appealed this decision to the Appeals Council

1  and her appeal was denied. AR 1-3. M.H. now appeals the ALJ's decision to this Court.
2  ECF 1. All parties have consented to the jurisdiction of a magistrate judge under 28
3  U.S.C. § 636(c). ECF 5, ECF 9. The facts relevant to each argument are discussed in
4  further detail in their respective sections.

## II.   LEGAL STANDARD

A district court should only disturb the decision of a Social Security Commissioner if it is not supported by substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("[It] is more than a mere scintilla but less than a preponderance.") (internal quotation marks and citation omitted). "In assessing whether a finding is supported by substantial evidence, [the Court] must consider the record as a whole." *Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir. 1986) (citing *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 492-97 (1951)). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995)).

## III.  DISCUSSION

### A.    M.H.'s Testimony

M.H. first appeals the ALJ's decision on the grounds that the ALJ erred by failing to provide specific, clear, and convincing reasons for discounting her subjective symptom testimony regarding her fibromyalgia.

"Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "General

2

findings are insufficient." *Id.* at 493 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). Rather, the Court "require[s] the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Id.* at 489.

"In weighing a claimant's credibility, the ALJ may consider [the claimant's] reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (citations omitted). "While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted).

At the hearing in front of the ALJ, M.H. alleged disability due to pain in her right shoulder, neck, hands, wrists, fingers, and waist. AR 52-59. She testified that her doctor had diagnosed her with fibromyalgia. AR 55. She said that because of her pain, she cannot lift more than five pounds and has trouble holding items, which prevents her from working. AR 53-54, 56-57, 59.

In his decision denying M.H.'s application, the ALJ determined that M.H. has several severe impairments, including fibromyalgia. AR 26. However, the ALJ found M.H.'s testimony concerning the intensity, persistence and limiting effects of her symptoms "not sufficiently supported by the record as a whole in light of the objective medical findings, the medical history and degree of medical treatment required, and the claimant's description of her activities of daily living." AR 32. Later in the decision, the ALJ gave three specific reasons for discounting M.H.'s testimony regarding her fibromyalgia symptoms: (1) "[M.H.] reports feeling tired; however, there are no reports of [her] falling asleep at [in]appropriate times or having sleep related hallucinations"; (2) "[d]espite [M.H.]'s reported constant pain, she is often described by her treating providers

3

as being in no acute distress"; and (3) she "was able to walk around Disneyland for a couple of days and travel internationally, which is also inconsistent with the level of limitation alleged." AR 33. None of these reasons, alone or in combination, is sufficient to meet the "specific, clear and convincing" standard required to discount M.H.'s testimony. *See Brown-Hunter*, 806 F.3d at 493 (internal quotation marks and citation omitted).

First, the fact that M.H. does not suffer from hallucinations or falling asleep at inappropriate times is not a reason to discount her testimony. *See* AR 33. M.H. did not testify that she suffers from these extreme fatigue-related symptoms, and the fact that she does not suffer from these extreme symptoms does not undermine her testimony, which was simply that she suffers from chronic fatigue that makes it difficult for her to complete household tasks. *See* AR 436. This testimony appears consistent with the medical records, which repeatedly note her fatigue. *See, e.g.*, AR 1108, 1266, 1274, 1281. The lack of hallucinations or falling asleep at inappropriate times is therefore not a "specific, clear, and convincing" reason for discounting M.H.'s testimony regarding her fatigue.

Second, the ALJ's reliance on a handful of notations that M.H. did not appear to be in acute distress is not a specific, clear, and convincing reason to discount her pain testimony. *See* AR 33. The ALJ does not explain specifically what portions of M.H.'s testimony these notations contradict or how, besides the generalized claim that these notations are "not expected of someone as significantly limited due to pain as the claimant alleged." *Id.* But M.H. did not testify that she suffers from such extreme pain that she is constantly in acute distress. Instead, she testified that she has chronic pain and that the pain is worsened by lifting objects and using her hands, which prevents her from working and doing household chores. AR 52-59, 430, 436. There is no indication that M.H. was lifting objects or using her hands at the times she was noted to not be in acute distress, *see* AR 502, 911, 1010, 1259, 1333, 1349, so there is no contradiction between these notations and M.H.'s testimony. These notations therefore do not constitute a specific, clear, and convincing reason to discount M.H.'s pain testimony.

4

Third, the ALJ cited notations in the treatment record that M.H. had gone to Disneyland for two days and was planning to travel to Mexico. AR 33, 1261. Again, however, the ALJ does not explain what portions of M.H.'s testimony these activities contradict or how, besides the generalized statement that these activities are "inconsistent with the level of limitation alleged." AR 33. But "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citations omitted). There is no conflict apparent between M.H.'s testimony that she has chronic pain which worsens when she lifts objects or uses her hands and her ability to travel to Disneyland and Mexico, given that there is no indication of what activities she undertook while on these trips or how much lifting or use of hands was required. *See* AR 1261. Therefore, M.H.'s trips to Disneyland and Mexico are not a specific, clear, and convincing reason to discount her testimony. *See Howard*, 782 F.2d at 1488 ("[T]o find Howard's claim of disability gainsaid by his capacity to engage in periodic restricted travel, as the Council seems to have done, trivializes the importance that we consistently have ascribed to pain testimony.") (citations omitted).

In sum, all three of the reasons given by the ALJ for discounting M.H.'s fibromyalgia symptom testimony fail to meet the "specific, clear, and convincing" standard. The ALJ's rejection of this testimony was therefore in error. This error warrants remand, as M.H.'s testimony regarding her limitations in lifting and holding objects may be work-preclusive.

**B.    Medical Opinion Testimony**

In addition to disputing the ALJ's treatment of her own testimony, M.H. also challenges the ALJ's assessment of the medical opinion testimony. Under the regulations that apply to M.H.'s application, ALJs are required to evaluate the "persuasiveness" of all medical opinions in the record based on: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20

5

C.F.R. § 404.1520c. The first two factors are considered the most important, and the ALJ is required to explicitly address them in his or her decision. *Id.* § 404.1520c(b)(2). The ALJ "may, but [is] not required to," explain how he or she considered the remaining three factors listed in the regulations. *Id.* As with all other determinations made by the ALJ, the ALJ's persuasiveness explanation must be supported by substantial evidence. *See Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *4 (W.D. Wash. Apr. 9, 2020) (finding that, under the new regulations, "[t]he Court must . . . continue to consider whether the ALJ's analysis has the support of substantial evidence.") (citing 82 Fed. Reg. at 5852).

Here, with respect to M.H.'s physical functioning,[1] the ALJ found the opinions of the state agency reviewing physicians almost entirely persuasive and found the opinions of M.H.'s treating physician, Dr. Gonzalez, unpersuasive. AR 36-37. However, in making these findings, the ALJ relied heavily on the objective medical evidence in the record and did not analyze how M.H.'s fibromyalgia symptoms affect the persuasiveness of these medical opinions. *See id.* Because the Court finds that the ALJ erred in discounting M.H.'s fibromyalgia symptom testimony, the ALJ's failure to address those same fibromyalgia symptoms in assessing the medical opinion testimony was also error. On remand, the ALJ must re-assess the medical opinion testimony in light of M.H.'s fibromyalgia symptom testimony.

### C. Constitutionality of Removal Statute

M.H.'s last argument is that the decision in her case is constitutionally flawed because the statute governing the procedure for removal of the Social Security Commissioner is unconstitutional. However, M.H. advocates that this Court not reach this constitutional issue if it finds other grounds for remand. Having found other grounds for remand, the Court does not reach this issue.

---

[1] M.H. does not challenge the ALJ's assessment of her mental functioning.

## IV. CONCLUSION

For the foregoing reasons, the Court REMANDS this case for further proceedings. On remand, the ALJ must re-evaluate M.H.'s testimony regarding her fibromyalgia symptoms and, in light of that testimony, re-evaluate the medical opinion testimony to determine if M.H. qualifies for social security benefits.

**IT IS SO ORDERED.**

Dated: December 2, 2021  	_____
			NATHANAEL M. COUSINS
			United States Magistrate Judge

7